**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BARRY CARTER, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Civil Action No. 1:16-cv-6262 ) |
| ARISE VIRTUAL SOLUTIONS, INC. | ) ) |
| Defendant | ) ) ) |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**I.    INTRODUCTION**

1.      This is a class and collective action brought on behalf of "Customer Support Professionals" who have worked for Arise Virtual Solutions, Inc. ("Arise"), challenging Arise's misclassification of them as independent contractors and corresponding violation of the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and, for those who have worked in Illinois, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*  As described further below, Arise has misclassified these workers (who perform call center services out of their homes) as "Independent Business Owners" or agents of "Independent Business Owners", when in reality under federal and state law, , they are employees of Arise.  By misclassifying them as independent contractors, Arise has avoided paying them minimum wage for all time worked (including training time) and has required them to pay for their training, as well as for various expenses needed to perform their work, which should have been borne by the employer.  These payments that

the CSPs have been required to make has brought their pay further below the minimum wage.

2.     Plaintiff brings this claim under the FLSA on behalf of all similarly situated employees across the country who have been misclassified by Arise who may choose to opt in to this action pursuant to 29 U.S.C. § 216(b).  Additionally, Plaintiff brings his Illinois state law claim as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of CSPs who have worked for Arise in Illinois. Plaintiff seeks restitution of all wages of which he and these similarly situated individuals were deprived, including the cost of equipment and training which they were required to purchase as a condition of employment, payment for their training time, and all other relief to which they may be entitled.

## II.   <u>PARTIES</u>

3.     Plaintiff Barry Carter is an adult resident of Chicago, Illinois.  From approximately June 2011 to July 2015, Mr. Carter was employed by Arise as a Customer Support Professional ("CSP").  Mr. Carter has worked for Arise out of his home performing call center services and has been closely supervised by Arise agents. Mr. Carter was not compensated at all during his training period several months of his employment, during which he was participating in required training courses. Further, as a condition of employment Mr. Carter was required to purchase equipment and pay for training courses.  As a result of these and other required payments, his wages have not met minimum wage requirements set forth under the FLSA and Illinois state law.

4.     Plaintiff brings this action on behalf of all similarly situated employees, who may choose to "opt-in" to this action pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b), and all who do not exclude themselves from the Rule 23 class action.

5.      Defendant Arise Virtual Solutions, Inc. ("Arise"), is a Delaware corporation with its principal place of business located at 3450 Lakeside Drive, 6th Floor, Miramar, Florida 33027. From its headquarters in Florida, Arise employs customer service agents, who it calls "Customer Support Professionals", who work out of their homes throughout the United States.

## III.   JURISDICTION AND VENUE

6.      This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Plaintiff has brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

7.      This Court has supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28. U.S.C. § 1367 because these claims are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy.

8.      The Northern District of Illinois is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff worked for Defendant from Chicago, Illinois, throughout the relevant time period.

## IV.   STATEMENT OF FACTS

9.      Plaintiff has worked as a customer service agent employed by Arise Virtual Solutions, Inc.  Arise calls these agents "Customer Support Professionals" ("CSPs").

10.    Each Arise CSP is assigned to assist the customers of a specific Arise client by telephone.  Those clients include companies such as AT&T, Turbo Tax, and Comcast.

11.    Arise CSPs work out of home offices and assist the customers of their assigned client by telephone.  Additionally, some CSPs supervise other CSPs' customer service calls.

12.    Arise CSPs perform core work that is necessary to Arise's business, namely providing customer service support for businesses from remote locations by telephone and through electronic means.

13.    Arise CSPs are supervised closely by Arise agents.  They are instructed in the details of their job performance and are monitored and reviewed frequently.

14.    By virtue of the extensive control Arise exerts over them, and the nature of their relationship with Arise, the CSPs are not independent business operators, or agents of independent business operators, as Arise has classified them, but rather, the customer support agents that perform this work on behalf of Arise are employees of Arise.

15.    As a precondition of employment, Arise requires that its CSPs participate in training courses.

16.    The required courses train CSPs on Arise customer service standards and practices.

17.    The initial required training course is self-paced.  It may take up to one week to complete.

18.     Arise CSPs are required to pay a fee to participate in the initial required training course.

19.     CSPs are not compensated for the time spent in the training course.

20.     Subsequent required training courses that are specific to the Arise customer being serviced last much longer – in some cases up to three months -- and require more time, such as four hours of class time per day, five days a week.

21.     As part of the subsequent courses, Arise CSPs are also assigned required daily homework tasks that take up to three to four hours to complete.

22.     CSPs in training are prohibited from missing any classes during the training course.  A CSP who misses a class may be required to retake the entire course.

23.     Arise requires CSPs to pay fees up to $299 for this customer-specific required training courses.

24.     CSPs are generally not compensated for the time spent in these training courses.

25.     Additionally, as a precondition of employment, Arise CSPs are required to purchase certain equipment for their home offices, including high speed internet, a computer that meets certain operating requirements, a dedicated landline, a headset, and an answering device.

26.     These required purchases can cost customer support agents hundreds and in some cases more than one thousand dollars.

27.     The costs of the required equipment and training courses drive the CSPs' pay below the federal (and state) minimum wage.

28.     Arise also requires its CSPs to participate in continued training courses for which they are uncompensated after they have completed their initial training and begin work as a customer support agent.

29.     Arise deducts a service fee from CSPs' pay.

30.     As a result of uncompensated training time, being required to pay for training and equipment, as well as deductions taken from CSPs' pay, Arise CSPs service agents have received an hourly rate that is less than the federal (and state) minimum wage.

## COUNT I

FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF FLSA

31.     Arise's conduct in failing to pay its CSPs the federal minimum wage, and requiring its CSPs to pay for their training, equipment, and other expenses or deductions from their pay (all of which contribute to them not receiving the federal minimum wage), violates the FLSA, 29 U.S.C. § 201, *et seq*.  This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt-in" to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT II

FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF
IMWL

32.     During many weeks, Plaintiffs and other workers providing customer service support in Illinois for Arise failed to earn the Illinois state minimum wage for all hours worked, particularly at the beginning of their employment when they were

6

required to participate in unpaid training. Arise has knowingly and willfully failed to pay the Illinois Plaintiff and other similarly situated individuals minimum wage, as well as requiring its employees to pay for their training, equipment, and other expenses or deductions from their pay (all of which contribute to them not receiving the Illinois state minimum wage) in violation of 820 ILCS 105/1, *et seq.*

33.     Plaintiff brings this claim as a class action on behalf of similarly situated individuals, i.e. individuals who have worked for Arise in Illinois providing customer service support, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34.     The members of the Rule 23 class are readily ascertainable, because the number and identity of the Illinois Rule 23 class members are determinable from Arise's records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Arise. Notice can be provided by means permissible under Rule 23. This action is properly maintainable as a class action under Fed. R. Civ. P. 23 (a)-(b).

35.     The class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

36.     Plaintiff's claims are typical of those claims which could be alleged by any class member, and the relief sought is typical of the relief which would be sought by each Illinois Rule 23 class member in separate actions. All the Illinois Rule 23 class members were subject to the same corporate practices of Arise, as alleged herein, of failure to pay minimum wage and associated expenses.

37.     Plaintiff and other Rule 23 class members sustained similar losses, injuries, and damages resulting from Arise's failure to pay minimum wage and related expenses in compliance with the IMWL. Plaintiff and Rule 23 class members have all been injured in that they have been uncompensated or under-compensated due to Arise's common policies, practices, and patterns of conduct. These corporate-wide policies and practices affected all Rule 23 class members similarly, and Arise benefitted from the same type of unfair and/or wrongful acts as to each of the Rule 23 class members.

38.     Plaintiff is able to fairly and adequately protect the interests of the Illinois Rule 23 class members and has no interest antagonistic to Rule 23 class members. The Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

39.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court

can, and is empowered to, fashion methods to efficiently manage this action as a class action.

40.     Common questions of law and fact exist as to the Rule 23 class members that predominate over any questions only affecting the Plaintiff and the Rule 23 class members individually. These questions include whether Arise paid the Plaintiff and the Rule 23 class members at the proper minimum wage rate for all hours worked and compensation for training, equipment, and other expenses or deductions from their pay.

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

A.     Certify a collective action under Count I and designate Plaintiff as representative of all those employees similarly situated;

B.     Order the Defendant to furnish to counsel a list of all names, telephone numbers, home addresses, and email addresses of all similarly-situated employees (Arise CSPs) who have performed services for Arise within the last three years;

C.     Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all Arise CSPs  who have performed services for Arise within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D.     Certify a class action under Count II;

E.     Appoint Lichten & Liss-Riordan, P.C. and Stephan Zouras, LLP as counsel for the Plaintiffs under Rule 23(g);

F.     Declare and find that Arise committed one or more of the following acts:

i.     Violated the FLSA by misclassifying Plaintiff and similarly situated employees who opt-in to this action;

ii.     Willfully violated the FLSA; and

          iii.     Violated the IMWL by misclassifying Plaintiff and similarly situated employees.

G.     Award compensatory damages;

H.     Award 2% per month interest on all compensation due accruing from the date such amounts were due until it is paid for the IMWL class;

I.     Award liquidated damages in an amount equal to the amount of unpaid compensation found due under the FLSA;

J.     Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

K.     Grant leave to amend to add claims under applicable state and federal laws;

L.     Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

M.     For such further relief as the Court deems just and equitable.

Dated:  June 16, 2016       Respectfully submitted,

                        BARRY CARTER, individually and on behalf of all other similarly situated,

                        By his attorneys,

                        *s/ James B. Zouras*

James B. Zouras
Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
jzouras@stephanzouras.com
rstephan@stephanzouras.com


Shannon Liss-Riordan
Jill Kahn
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
jkahn@llrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2016, a true and correct copy of the foregoing **COMPLAINT** was filed via this Court's CM/ECF system.


*s/ James B. Zouras*