UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARRY CARTER, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ARISE VIRTUAL SOLUTIONS, INC., ) ) Defendant. ) | No. 16 C 6262<br><br>Judge Sara L. Ellis |

**OPINION AND ORDER**

Plaintiff Barry Carter brings this putative class and collective action on behalf of customer support professionals ("CSPs") who have worked for Defendant Arise Virtual Solutions, Inc. ("Arise") out of their homes performing call center services, contending that Arise misclassified them as independent contractors in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1 *et seq.*[1] The parties have filed several motions ready for disposition: (1) Carter's motion for conditional certification and issuance of notice pursuant to § 216(b) of the FLSA [26]; (2) Arise's motion to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) [32]; and (3) Arise's motion to compel arbitration and stay proceedings [35]. The Court only addresses the motion to transfer at this time. Because Arise has failed to establish that the balance of private and public interests strongly favors transferring Carter's case to the Southern District of Florida, the Court denies the motion to transfer [32].

---

[1] A number of individuals have filed opt-in notices to join the action. *See* Docs. 7, 9, 10, 11, 24, 25, 28, 39, 45.

## BACKGROUND

Arise, a technology company incorporated in Delaware and headquartered in Miramar, Florida, provides customer service, technical support, and sales services ("call center services") through CSPs to corporations such as AT&T, Apple, Comcast, and Carnival Cruise Lines. CSPs provide the call center services to the corporations from their homes, logging into Arise's computer system to do so. The relationship among Arise, the CSPs, and the corporations is at the center of this dispute: Arise contends that it serves as an intermediary between third-party call center companies that employ CSPs to provide the call center services and the corporations, while Carter maintains that CSPs are not independent business operators but rather Arise employees.

Carter owns BC Teleservices, which contracted with Arise to use its platform to provide call center services to the corporations. BC Teleservices is an Oklahoma company located in Chicago, Illinois. Carter worked as a CSP for approximately four years out of his home in Chicago and later Dolton, Illinois. Four other CSPs, all of whom live in the Chicago area, also worked for BC Teleservices to provide call center services through Arise.

BC Teleservices and Carter signed agreements that included provisions requiring arbitration of any disputes they had with Arise. The arbitration provisions provide that any arbitration would take place in the American Arbitration Association office closest to BC Teleservices and Carter, which in this case would be Chicago. These agreements also included a waiver of the ability to proceed on a class or collective basis against Arise.

## ANALYSIS

Arise argues that the Court should transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that the Court may transfer venue to

another district "for the convenience of the parties and witnesses, in the interest of justice." For the Court to transfer the case under § 1404(a), Arise must demonstrate that "(1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and the witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007). The transfer decision is committed to the Court's sound discretion because the "weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The parties do not dispute that venue is proper in this district or in the Southern District of Florida. Thus, the Court turns to whether transfer would serve the convenience of the parties and witnesses and the interest of justice.

I.      **Convenience of the Parties and Witnesses**

In evaluating the convenience of the parties and witnesses, the Court considers (1) Carter's choice of forum, (2) the situs of material events, (3) the relative ease of access to proof, (4) the convenience of the parties in litigating in the respective forums, and (5) the convenience of the witnesses. *Sojka v. DirectBuy, Inc.*, No. 12 C 9809, 2014 WL 1089072, at *2 (N.D. Ill. Mar. 18, 2014). Courts typically give a plaintiff's choice of forum substantial deference, particularly when he lives in the district, as Carter does here. *Brandon Apparel Grp., Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999). Arise argues that the Court should discount the weight given to Carter's choice of forum because Carter seeks to proceed on behalf of a nationwide FLSA class. *See Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009) (giving less deference to plaintiff's choice of forum in putative class action because "if class certification occurs, the named Plaintiffs [sic] choice of venue will not be the home venue for all plaintiffs and any venue selected is bound to be inconvenient to some

3

plaintiffs"). Some courts in this district have adopted this presumption, while others have hesitated to do so, noting that courts should "not assume such a broad class will in fact ultimately be certified" and that "unnamed class members presumably benefit from a class representative who is able to aggressively litigate their claims without significant inconvenience due to travel." *AL & PO Corp. v. Am. Healthcare Capital, Inc.*, No. 14 C 1905, 2015 WL 738694, at *3 (N.D. Ill. Feb. 19, 2015); *see also Taylor v. Midland Funding, LLC*, 94 F. Supp. 3d 941, 945 (N.D. Ill. 2015) (agreeing with *AL & PO Corp.*). The Court notes that Arise's argument concerning the existence of a class is somewhat disingenuous given that Arise contests Carter's ability to pursue a collective or class action based on his class action waiver and agreement to arbitrate his individual claims. Taking that into consideration, and even giving the requested diminished deference to Carter's choice of forum, the Court does not find that choice irrelevant, particularly considering that Carter seeks to represent a class of CSPs who worked for Arise in Illinois on his IMWL claim. *See Landis v. Warner Chilcott (US), LLC*, No. 10-cv-5283, 2010 WL 5373664, at *2–3 (N.D. Ill. Dec. 15, 2010) (plaintiff's choice of forum would not be entirely disregarded in FLSA and IMWL case where court did not have specifics about putative class makeup). As a result, this factor weighs slightly against transfer.

      With respect to the situs of material events, Carter's FLSA and IMWL claims are based on Arise's alleged misclassification of him as an independent contractor, meaning that Arise failed to pay him a minimum wage for the time he spent providing call center services. Carter worked from his home in Chicago and Dolton, both in this district, so that a portion of the material events took place here. But Arise claims that because it made the decision to treat Carter and other CSPs as independent contractors at its headquarters in Florida, the situs of material events is in the Southern District of Florida. *See Earley v. BJ's Wholesale Club, Inc.*,

4

2007 WL 1624757, at *2–3 (S.D.N.Y. June 4, 2007) (finding that most discovery for plaintiff's FLSA claim that focused on company-wide overtime policies would take place at company's headquarters and not at specific store). The Court finds that Carter's claims relate to both districts because Arise set its allegedly unlawful policies in Florida but Carter performed work for which he claims Arise did not properly pay him here in Illinois. *See Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 736 (N.D. Ill. 2007) ("[I]t is logical to conclude that the situs of these events is the location where the classification decisions about plaintiffs were made, and the location where plaintiffs worked when C.H. Robinson allegedly refused to pay them for overtime."). Because Carter seeks to proceed on his claims on a class and collective basis, meaning that similar events occurred across the country, this district's significance is somewhat outweighed by that of the Southern District of Florida, but not materially given the previously discussed uncertainties surrounding his request to proceed on others' behalf. *See Lafleur v. Dollar Tree Stores, Inc.*, No. 1:11 CV 8473, 2012 WL 2280090, at *4 (N.D. Ill. June 18, 2012) (finding that material events factor weighed in favor of transfer, "though perhaps not overwhelmingly," to district of defendant's headquarters in FLSA putative class action case).

As for sources of proof, Arise claims that the case should proceed in the Southern District of Florida because its documents are located there, meaning it would be saved the expense of transporting the documents to a different state. But documents are presumed to be easily transportable, so the access to proof factor does not weigh heavily in favor of either district. *See Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 840 (N.D. Ill. 2009) ("In this day and age, transferring documents from one district to another is commonplace and, given

the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town.").

In evaluating the convenience of the parties, the Court considers the parties' residences and their ability to bear the expense of litigating in each forum. *Brandon Apparel*, 42 F. Supp. 2d at 834. A case should not be transferred, however, merely to shift the inconvenience from one party to another. *Sage Prods., Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 216 (N.D. Ill. 1993). Arise argues that it would be more inconvenient for it to litigate in this district, since its employees and relevant documents are located in Florida and so litigation in Illinois would disrupt its business operations. Proceeding here would not preclude depositions in Florida, however, as even Carter acknowledges. *See, e.g.*, *In re Hudson*, 710 F.3d 716, 719 (7th Cir. 2013) ("[W]itnesses can be deposed, examined, and cross-examined remotely and their videotaped testimony shown at trial."). Arise's argument of inconvenience is further belied by the arbitration agreement it simultaneously seeks to enforce, which provides that arbitration would take place in this district.[2] Thus, Arise's alleged difficulties in litigating in this district do not appear insurmountable. On the other hand, Carter indicates that he acts as the primary caretaker for his two daughters and disabled wife, meaning that any travel to Florida for this case would cause significant hardship for him, requiring him to find someone to care for his wife and take his children to school every day in his absence. Although again, depositions could take place here, if the case proceeded to trial in Florida, this would significantly inconvenience Carter, who does not have the same resources as Arise. Arise has not offered evidence to

---

[2] Because the parties' arbitration provision contains a choice of venue provision providing that the arbitration of Carter's claims would take place in this district, only a court in this district "can enter an order compelling arbitration." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 997 (7th Cir. 2011). Thus, if the Court transferred this action to the Southern District of Florida, a court in that district could only grant a stay pending arbitration and could not compel Carter to arbitrate his claims unless Carter waived such an objection, requiring Arise to return to this district for such an order. *See id.*

demonstrate that the burden of litigating in the Northern District of Illinois is so great to warrant transfer on this factor alone, particularly in light of Carter's evidence that transfer to Florida would impose a significant burden on him. Thus, this factor weighs against transfer.

"The convenience of witnesses is often viewed as the most important factor in the transfer balance," with the Court to consider not just the number of witnesses located in each forum but also the nature, quality, and importance of their testimony. *Brandon Apparel*, 42 F. Supp. 2d at 834 (quoting *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989)). Arise has only generally identified its contemplated witnesses, its key personnel responsible for practices related to call center company relationships and processing payments to call center companies, all of whom work at its headquarters in Florida. The Court gives less weight to the convenience of party witnesses, who the Court presumes would appear voluntarily at trial in this district. *See AL & PO Corp.*, 2015 WL 738694, at *4 ("[T]he convenience of witnesses who are within a party's control, such as a party's employees, is far less important than the convenience of non-party witnesses."); *Bullard v. Burlington N. Santa Fe Ry. Co.*, No. 07 C 6883, 2008 WL 4104355, at *4 (N.D. Ill. Aug. 28, 2008) ("Courts are less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts; it is presumed that such witnesses will appear voluntarily."). Arise has not identified any non-party witnesses it plans to call. Conversely, Carter states that he intends to call four CSPs who previously worked for BC Teleservices, all of whom live in the Chicago area, to testify regarding their relationship with BC Teleservices and Arise. Carter contends that, as it is for him, travel to Florida would be prohibitive for these CSPs. Although Carter acknowledges that the CSPs may become members of the suit, at this stage they remain non-party witnesses who would fall outside the subpoena power of the Southern District of Florida. Arise argues that Carter's

identified witnesses do not have relevant testimony, that their testimony would be duplicative, and that other CSPs living in Florida or neighboring states who submitted affidavits in support of Carter's motion for conditional certification could provide equally compelling testimony. Taking these arguments into consideration, this factor weighs slightly against transfer.

## II.     Interest of Justice

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Courts consider factors such as the likelihood of a speedy trial, each court's familiarity with the applicable law, the desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Id.*; *Coffey*, 796 F.2d at 220.

Carter brings claims under the FLSA, a federal statute, and the IMWL, an Illinois wage and hour law. Judges in either district are presumed to be equally familiar with the law governing Carter's claims, making this factor neutral. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, --- U.S. ----, 134 S. Ct. 568, 584, 187 L. Ed. 2d 487 (2013) ("[F]ederal judges routinely apply the law of a State other than the State in which they sit."). Judicial efficiency does favor the Southern District of Florida slightly. The average time between filing and disposition in the Southern District of Florida is 4.2 months versus 7.3 months in this district. The average time from filing to trial in the Southern District of Florida is 17.8 months versus 39.4 months in the Northern District of Illinois.[3] But this factor alone does not mandate transfer, particularly where cases are often resolved short of trial. *See AL & PO Corp.*, 2015 WL 738694, at *5 (although time to trial was significantly longer in Northern District of Illinois than

---

[3] These figures come from the website of the United States Courts detailing federal court management statistics as of September 2016. *See* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2016.pdf.

in alternative district, factor did not require transfer where TCPA cases did not frequently reach trial). Both districts have an interest in the controversy, as Illinois has an interest in protecting its employees, such as Carter, while Florida has an interest in ensuring its corporations receive a fair trial. Carter argues that this district also has an interest in keeping Arise from forum shopping to transfer this action to a jurisdiction with law favorable to employers instead of employees, citing this circuit's decision in *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016),[4] which Carter contends invalidates the class action waiver contained in his agreements with Arise in contrast to Eleventh Circuit case law on the issue. Arise could also argue that Carter has specifically chosen to file in this district to take advantage of *Lewis*, but Carter's decision to file here "is not an evil to be avoided, but rather is an inherent part of our federal court network." *FTI Consulting, Inc. v. Merit Mgmt. Grp., LP*, No. 11 CV 7670, 2014 WL 3858365, at *5 (N.D. Ill. Aug. 5, 2014) (quoting *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999) ("A plaintiff may have available numerous places of equal convenience to bring his or her suit, and has every right to file in the forum that is most geographically convenient or that has the most favorable law."). Taken as a whole, the Court finds these factors essentially neutral.

Ultimately, Arise has failed to establish that the balance of private and public interests strongly favors transferring Carter's case to the Southern District of Florida. *See In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947))). Therefore, the Court denies Arise's motion to transfer.

---

[4] The Supreme Court granted *certiorari* in *Lewis* and two companion cases on January 13, 2017.

## CONCLUSION

For the foregoing reasons, the Court denies Arise's motion to transfer [32].

Dated: January 18, 2017

_____
SARA L. ELLIS
United States District Judge